Jerome B. E. Wolff, J.
On June 21, 1971, a search warrant was issued by this court and as a result of the search warrant, 406 magazines and two rolls of eight millimeter film were seized by the New York State Police.
A motion has been made by the defendant to vacate the said search warrant and suppress the articles of evidence seized. The basis of the motion is that (1) no adversary hearing was *601 had prior to the issuance of the search warrant, and (2) that the search warrant was too general and too broad and not specific enough. On the argument of the motion, the defense counsel admitted that the magazines seized pursuant to the search warrant, for purposes of the motion, are deemed admitted by defense counsel as being obscene and pornographic. The two films seized were denied as being the property of the Imperial News Company, but allegedly the property of the driver of the said truck, Marvin Marcus. The defense counsel on the argument also stated that the magazines were printed and issued on a chronological and numerical basis and the search warrant didn’t specify the numbers of volumes and issues to be seized.
The first question to be determined is whether or not an adversary hearing should be held. In February, 1971, the State Police began an investigation concerning the sale of obscene and pornographic magazines in the Village of Waterloo. It was determined by the investigation that these magazines were being delivered to a certain location by a green panel truck that was owned by the Imperial News Company, 35 Main Street, Depew, New York. A surveillance was conducted through the months of February, March, April, May and June. During this period of surveillance, it was noted that the same truck registered to the Imperial News Company made regular deliveries of various magazines, and during this period, members of the State Police purchased, at the said location, magazines entitled, “ Foreplay “ Omega ”, “ Answers “ The Illustrated Encyclopedia of Deviant Sexual Behavior ’ ’. These purchases were made at the location at the same time that these books were being delivered from the same truck so that there would be no question that the magazines purchased were coming from the same truck pursuant to regular deliveries. These magazines were then presented at various times during the period from February to June to the Seneca County Judge for a judicial determination as to whether or not the magazines were, in fact, obscene pursuant to article 235 of the Penal Law of the State of New York. On June 21, 1971, the County Court Judge, after reviewing the magazines that had been purchased and after taking testimony from the investigator in charge of the case, together with the officers who made the surveillance and the purchase of the magazines, issued a search warrant authorizing the search of a 1971 Chevrolet truck registered in the name of the Imperial News Company and for the seizure of all magazines, pictures, photographs describing in detail the various deviant acts of sexual intercourse and various sexual acts.
*602 It is now argued that there should have been an adversary hearing prior to the issuance of the search warrant.
The Court of Appeals, in considering a case wherein a film was seized on a search warrant, disposed of the question of an adversary hearing in the following language, “ The usual reason for an adversary hearing before a Magistrate as to whether a warrant should or should not issue arises from a close issue as to whether there is a real basis in fact for probable cause to begin a prosecution. But when a Magistrate sees a film, it is not much help to him, or indeed to the parties, in deciding probable cause to have counsel on one side tell him what he has just seen is obscene and on the other that it is not. He is deciding, on the warrant question, not guilt or innocence, but the prima facie sufficiency of ground to prosecute based on probable cause. The legal issue of obscenity on the merits of the charge can quickly be determined when the prosecution begins by appropriate motion.” (People v. Heller, 29 N Y 2d 319, 323.)
The analogy between that case and the instant case is quite similar. The judicial supervision over a period of time before the issuance of the search warrant afforded enough time, and enough evidence to be examined for a final determination in deciding whether or not there was probable cause to issue the warrant.
The question concerning the search warrant itself aS being too general and not specific is obviated by the following quotation from the search warrant itself: “that there is probable cause to believe that there is certain property consisting of magazines and/or pictures, and/or photographs of nude persons — male and/or female, disclosing and exposing female and male genital organs, male and female pubic areas, including male penis and female breasts, male and/or female or any grouping of males or females committing sodomy, sexual intercourse, fellatio, cunnilingus, deviate sexual intercourse, sadism, sexual conduct with animals, masochism, practice of homosexuality, pederasty, bestiality, and lesbianism; That the Title to said magazines being 1 Foreplay ’, ‘ Answers ’, and ‘ Hlustrated Encyclopedia of Deviant Sexual Behavior ’, which depict and contain pictures and/or photographs of nude persons — male and/or female, disclosing and exposing female and male genital organs, male and female pubic areas, including male penis and female breasts, male and/or female or any grouping of males or females committing sodomy, sexual intercourse, sadism, fellatio, cunnilingus, . deviate sexual intercourse, sexual conduct with animals, masochism, practice of homosexuality, pederasty, bestial *603 ity and lesbianism, and any other magazine, and/or picture and/or photographs of nude persons, male and/or female, disclosing and exposing female and male genital organs, male and female pubic areas, including male penis and female breasts, male and/or female or any grouping of males or females or combinations of males or females committing sodomy, sexual intercourse, fellatio, cunnilingus, deviate sexual intercourse, sadism, sexual conduct with animals, masochism, practice of homosexuality, pederasty, bestiality and lesbianism, unlawfully possessed in violation of Article 235 of the Penal Law of the State of New York.”
The application of constitutional rights as it pertains to individuals should be projected on a practical plane and not become involved in a game of semantics. The search warrant specifically sets forth what material should be seized in relation to specific acts of sexual conduct, and directs any police officer, who having a grasp of practicality and reality and eyesight, using these descriptions as guidelines, to seize what certainly can be observed in his perusal of the various magazines. It does not delegate an interpretation to the police officer which has been a turning point in many decisions which have been rendered heretofore. Perhaps, it could also be argued that the search warrant shall set forth more acts or descriptions, but for all practical purposes, the burden upon the law enforcement agencies is enough without requiring them to carry dictionaries or Roget’s Thesaurus.
It was contended as an adjunct to the argument that in the description of some of the magazines, the search warrant should have set forth the various volumes and issue numbers of the magazines. For all intents and purposes, it is a well-known fact and business usage that the designation of volume numbers and issue numbers are used only for a psychological attraction to the magazines, or as a means of deploying parts of the same contents that were issued heretofore and then placing the same in a new volume or issue.
The use of volume numbers and issues is prolific, as are the magazines that have been examined, and since the magazines all possess the same obscene and pornographic photographs, the argument is without merit.
The motion is, in all respects, denied.